**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Nina Y. Wang**

Case No. 26-cv-00407-NYW

OMID ALI JAFARI,

      Petitioner,

v.

TODD M. LYONS, in his official capacity,
GEORGE VALDEZ, in his official capacity,
JUAN BALTAZAR, in his official capacity,
MARKWAYNE MULLIN, in his official capacity, and
TODD BLANCHE, in his official capacity,

      Respondents.

---

### MEMORANDUM OPINION AND ORDER

---

This matter is before the Court on Second Amended Petition for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (the "Petition").  [Doc. 19].  Respondents filed a Response to the Petition on April 22, 2026, [Doc. 24], and Petitioner filed a Reply on April 29, 2026, [Doc. 25].  For the reasons herein, the Petition is respectfully **GRANTED in part**.

### BACKGROUND

Petitioner Omid Ali Jafari ("Petitioner" or "Mr. Jafari") is a citizen of Afghanistan who has been in ICE custody since February 5, 2024.  [Doc. 19 at ¶¶ 1, 7].  In February 2025, an immigration judge found that Petitioner is removable and ordered him removed to Afghanistan, but also granted Petitioner withholding of removal to Afghanistan on the basis that he had demonstrated a clear probability of torture if he were to return to the country.  [*Id.* at ¶ 40; Doc. 24-1 at ¶ 11].  That decision was not appealed, which rendered

the order of removal administratively final.  [Doc. 24-1 at ¶ 11].

In the 14 months since Petitioner was granted withholding of removal, Respondents have not identified a third country that will accept him.  *See* [Doc. 19 at ¶¶ 66, 70].  Indeed, Respondents concede that they "do not have . . . information to present to the Court concerning their efforts to remove Petitioner to a third country" beyond their representation that, in March 2025, they sent three countries a request to accept Petitioner.  [Doc. 24 at 7].[1]

Mr. Jafari asserts three claims:  (1) a claim asserting that his prolonged detention violates his Fifth Amendment rights under *Zadvydas v. Davis*, 533 U.S. 678 (2001); (2) a separate Fifth Amendment claim asserting that his prolonged detention violates his due process rights on non-*Zadvydas* grounds; and (3) a claim asserting that his prolonged detention violates the Administrative Procedure Act.  [Doc. 19 at 11–18].

**LEGAL STANDARD**

A court may issue a writ of habeas corpus when a person is "in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2241(c)(3).  "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody."  *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973).  "Challenges to immigration detention are properly brought directly through habeas."  *Soberanes v. Comfort*, 388 F.3d 1305, 1310 (10th Cir. 2004) (citing *Zadvydas*, 533 U.S. at 687–88).

---

[1] In March 2025, ICE submitted a request for acceptance to the consulate offices in Saudi Arabia, Turkmenistan, and Pakistan.  [Doc. 24-1 at ¶ 14].  Turkmenistan declined the request, and neither Saudi Arabia nor Pakistan responded to the request.  [*Id.* at ¶ 15].

**ANALYSIS**

## I.    Detention of Noncitizens

Generally, when a noncitizen is ordered removed from the United States, the removal "shall" occur within the next 90 days—the "removal period."   8 U.S.C. § 1231(a)(1); *Morales-Fernandez v. Immigr. & Naturalization Serv.*, 418 F.3d 1116, 1123 (10th Cir. 2005).   Detention is mandatory during the removal period, 8 U.S.C. § 1231(a)(2)(A), but once the removal period expires, the noncitizen "*may*" be detained, *id.* § 1231(a)(6) (emphasis added).   The Supreme Court has recognized that this permissive language "suggests discretion," but "does not necessarily suggest unlimited discretion."   *Zadvydas*, 533 U.S. at 697.   Indeed, "read in light of the Constitution's demands," section 1231(a)(6) "limits an alien's post-removal-period detention to a period reasonably necessary to bring about that alien's removal from the United States."   *Id.* at 689.  In *Zadvydas*, the Court explained that

> [a] statute permitting indefinite detention of an alien would raise a serious constitutional problem.  The Fifth Amendment's Due Process Clause forbids the Government to "depriv[e]" any "person . . . of . . . liberty . . . without due process of law."  Freedom from imprisonment—from government custody, detention, or other forms of physical restraint—lies at the heart of the liberty that Clause protects.

*Id.* at 690 (citing *Foucha v. Louisiana*, 504 U.S. 71, 80 (1992)).  Finding "nothing in the history of these statutes that clearly demonstrates a congressional intent to authorize indefinite, perhaps permanent, detention," the *Zadvydas* Court held that "once removal is no longer reasonably foreseeable, continued detention is no longer authorized by statute." *Id.* at 699.

The Court did recognize, however, a presumptively reasonable six-month detention period. *Id.* at 701.  "After this 6-month period," if the noncitizen demonstrates

3

"good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing." *Id.* The Supreme Court explained that a six-month presumptive period does not mean that every noncitizen detained for six months must be released; rather, a noncitizen may remain in detention "until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future." *Id.* But "if the government fails to demonstrate a significant likelihood of removal in the reasonably foreseeable future, the noncitizen must be released." *Ahrach v. Baltazar*, No. 25-cv-03195-PAB, 2025 WL 3227529, at *2 (D. Colo. Nov. 19, 2025) (citing *Zadvydas*, 533 U.S. at 701).

## II.    Petitioner's Detention

Respondents do not dispute that the length of Petitioner's detention since the removal order exceeds the presumptively reasonable six-month period recognized in *Zadyvas*. *See* [Doc. 24 at 7 ("Petitioner's order of removal became administratively final on February 12, 2025. . . .  To date, Petitioner has been detained for approximately just over 14 months since his removal order became final.")].  Therefore, Mr. Jafari bears the burden of providing "good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future." *Zadvydas*, 533 U.S. at 701.  This standard does not require him to "show the absence of *any* prospect of removal—no matter how unlikely or unforeseeable." *Id.* at 702.  Rather, he "simply must show that removal is not significantly likely in the reasonably foreseeable future." *Ahrach*, 2025 WL 3227529, at *3.

Mr. Jafari argues that there is good reason to believe that there is no significant likelihood of removal in the future because (1) he has been granted withholding of removal

to Afghanistan; and (2) he has been detained for over 14 months and Respondents have not identified any country that will accept him; and (3) "DHS has identified no concrete path to effectuate removal." [Doc. 19 at ¶¶ 56, 66]. Respondents do not contest these assertions or argue that Petitioner has not met his initial burden under *Zadvydas*. *See* [Doc. 24 at 7–8]. The Court finds that Petitioner has met his burden by showing "the existence of either institutional barriers to repatriation or obstacles particular to his removal." *Dusabe v. Jones*, No. 24-cv-00464-SLP, 2024 WL 5465749, at *3 (W.D. Okla. Aug. 27, 2024), *recommendation adopted*, 2025 WL 486679 (W.D. Okla. Feb. 13, 2025). Because Mr. Jafarai has been granted withholding of removal to Afghanistan, and because Respondents have not identified any other country that would accept him (or indicated that they have made any efforts to locate such a country since March 2025), Mr. Jafari has shown "good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future." *Zadvydas*, 533 U.S. at 701; s*ee also Castellano v. U.S. Dep't of Homeland Sec.*, No. 26-cv-00080-PAB, 2026 WL 472732, at *3 (D. Colo. Feb. 19, 2026) (finding that petitioner met his burden where respondents had not identified any country that would accept him and had made little progress in securing deportation); *Trejo v. Warden of ERO El Paso E. Montana*, 807 F. Supp. 3d 697, 705–06 (W.D. Tex. 2025) (petitioner met his burden by showing he could not be removed to El Salvador, "the only country of which he is a citizen," and the government identified no alternative country for removal).

The burden now shifts to Respondents to present sufficient evidence to show that removal is likely. *Zadvydas*, 533 U.S. at 701. Having presented no such evidence, Respondents have not met their burden. At best, Respondents assert that "ICE is

5

pursuing Petitioner's removal to alternative countries pursuant to 8 U.S.C. § 1231(b)." [Doc. 24-1 at ¶ 13]. This vague statement provides no meaningful information to the Court and does not demonstrate that removal is likely, especially in light of Respondents' concession that they cannot provide any information about steps they have taken in the last year to locate a third country for removal. *See* [Doc. 24 at 7]; *see also Balouch v. Bondi*, No. 9:25-cv-00216-MJT, 2025 WL 2871914, at *3 (E.D. Tex. Oct. 9, 2025) (ruling that "conclusory statements via written declarations that [the government was] taking steps to remove Petitioner to Iran" were insufficient to meet government's burden). Respondents do not, for example, "identify which [additional] countries they might contact" to effectuate removal, nor do they list "concrete steps they will take to effectuate [Petitioner's] timely removal." *Ahrach*, 2025 WL 3227529, at *5.

For these reasons, the Court finds that Respondents have not met their burden to justify Petitioner's continued detention. *See Momennia v. Bondi*, No. 25-cv-01067-J, 2025 WL 3011896, at *10 (W.D. Okla. Oct. 15, 2025) ("[M]ere intent to find a third country is too speculative to permit indefinite detention or to overcome [the petitioner's] showing."), *recommendation adopted*, 2025 WL 3006045 (W.D. Okla. Oct. 27, 2025); *Ahrach*, 2025 WL 3227529, at *5 (concluding that the respondents did not meet their burden because they did not "provide[] concrete evidence that removal is likely in the foreseeable future" and did not "commit[] to continue pursuing such removal").

While the government "has the right to enforce" Petitioner's order of removal, it "may not detain [him] for an indefinite and undetermined period of time while it tries to effect that removal when the circumstances are such that his removal is not reasonably likely in the foreseeable future." *Villanueva v. Tate*, 801 F. Supp. 3d 689, 704 (S.D. Tex.

2025).  For the reasons set forth above, the Court concludes that Respondents' continued detention of Petitioner violates his due process rights under the Fifth Amendment.  *See Pena-Gil v. Lyons*, No. 25-cv-03268-PAB-NRN, 2025 WL 3268333, at *4 (D. Colo. Nov. 24, 2025).  The Petition is **GRANTED in part**, and it is **ORDERED** that Petitioner be released from custody pursuant to 28 U.S.C. § 2241(c)(3) **immediately**.  *See Ahrach*, 2025 WL 3227529, at *5 (granting release in similar circumstances); *Pena-Gil*, 2025 WL 3268333, at *5 (same).[2]

### CONCLUSION

For the reasons set forth above, **IT IS ORDERED** that:

(1)    The Second Amended Petition for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 [Doc. 19] is **GRANTED in part**;

(2)    Respondents **SHALL RELEASE** Mr. Jafari **no later than 48 hours after the issuance of this Order**; and

(3)    On or before **May 11, 2026**, the Parties shall file a joint status report informing the Court of the status of Petitioner's release and whether any additional proceedings in this matter are required.

DATED:  May 4, 2026

BY THE COURT:

Nina Y. Wang
United States District Judge

---

[2] To the extent Petitioner asks this Court to "[d]eclare that [his] detention is unlawful," [Doc. 19 at 18], this request is moot in light of the Court's order to release Petitioner. *Pena-Gil*, 2025 WL 3268333, at *5.  To the extent Petitioner seeks attorney's fees, this District's Local Rules require that those requests be made by separate motion.  *See* D.C.COLO.LCivR 54.3.  And the Court will award costs as appropriate after the filing of their joint status report.